**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JENE M. WITTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _1:18 CV-502 |
| | § | |
| INTERCONTINENTAL HOTELS GROUP | § | |
| RESOURCES, INC. D/B/A | § | |
| INTERCONTINENTAL STEPHEN F. AUSTIN, | § | |
| AND HPT IHG-2 PROPERTIES TRUST D/B/A | § | |
| HPT IHG-2 PROPERTIES TRUST LLC. | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

Jene M. Witte ("Plaintiff"), complains of Defendant Intercontinental Hotels Group Resources, Inc. d/b/a Intercontinental Stephen F. Austin and Defendant HPT IHG-2 Properties Trust d/b/a HPT IHG-2 Properties Trust LLC (collectively "Defendants"), and for cause of action would respectfully show the Court as follows:

**I.
PARTIES**

1.      Plaintiff JENE M. WITTE (hereinafter "Plaintiff" or "Witte") is an individual who is a citizen of the United States and resident of the State of California.

2.      Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. D/B/A INTERCONTINENTAL STEPHEN F. AUSTIN is a Delaware corporation with its principal place of business in Atlanta, Georgia and has at all times relevant to this litigation conducted business in the State of Texas. On information and belief, Intercontinental Hotels Group Resources, Inc. may be served with citation through its registered agent for service, Corporation

Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

3. Defendant HPT IHG-2 PROPERTIES TRUST D/B/A HPT IHG-2 PROPERTIES TRUST LLC is a Maryland corporation with its principal place of business in Newton, Massachusetts and has at all times relevant to this litigation conducted business in the State of Texas. On information and belief, HPT IHG-2 Properties Trust d/b/a HPT IHG-2 Properties Trust LLC may be served with citation through its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 701 Brazos, Suite 1050 Austin, Texas 78701.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants under Texas's long arm jurisdiction statute because this matter arises out of actions occurring and business conducted by Defendants in the State of Texas.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.
## FACTS

7. On or about May 17, 2017, Plaintiff Jene M. Witte entered the premises of the InterContinental Stephen F. Austin hotel (hereinafter "InterContinental") located at 701 Congress Avenue, Austin, Texas 78701.

8. As Ms. Witte was leaving the InterContinental from the entrance-way, she walked on stairway steps towards the sidewalk and fell on the stairs.



9. The stairs referenced in Paragraph 8 were unmarked.

10. The stairs referenced in Paragraph 8 were uneven.

11. The stairs referenced in Paragraph 8 were dangerous.

12. There was no warning sign present or other signs of caution near where the incident occurred.

13. Ms. Witte received no warnings of the dangerous steps from the InterContinental staff at the entrance.

14. As a result of the fall, Ms. Witte has suffered severe injuries that required medical attention and treatment.

15. An employee of the InterContinental told Ms. Witte's family member that Ms. Witte is the fourth person who fell in the past few months.

16. On information and belief, there were multiple other occasions in which other patrons fell at the same uneven steps as Ms. Witte's incident.

## IV.
## CAUSE OF ACTION – PREMISES LIABILITY

17. Plaintiff incorporates herein each allegation set forth above.

18. At all times relevant, Defendants owned, occupied, and/or controlled the premises.

19. At the time of the incident, Plaintiff was an invitee of Defendants to whom Defendants owed a duty to use ordinary care, including the duty to discover any unreasonably dangerous conditions and to make and keep the premises reasonably safe for invitees, including Plaintiff.

20. The condition of the stairs posed an unreasonable risk of harm to customers such as Plaintiff.

21. Defendants knew or by exercise of reasonable care should have known of the dangerous condition of the stairs on the premises, which posed an unreasonable risk of harm to invitees such as Plaintiff.

22. Defendants knew that other invitees have fallen on the same stairs on the premises where Plaintiff fell.

23. Defendants breached their duty owed to Plaintiff and other invitees by failing to make safe the condition of the stairs on the premises.

24. Defendants breached their duty owed to Plaintiff and other invitees by failing to eliminate the risk of harm.

25. Defendants breached their duty owed to Plaintiff and other invitees by failing to prevent customer exposure to harm.

26. Defendants breached their duty owed to Plaintiff and other invitees by failing to adequately warn Plaintiff of the dangerous condition.

27. Defendants' breach proximately caused Plaintiff's injuries and damages.

28. Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the upkeep of the entrance/exit area of Defendants' premises were acting in the capacity as an agent, servant, and/or employee of Defendants and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendants and they should be held responsible for the acts of their agents and/or employees and/or servants.

## V.
## DAMAGES

29. As a direct and proximate result of the occurrence made the basis of this suit, Plaintiff Jene M. Witte was severely injured and seeks compensation for the following damages:

   a. Past and future medical expenses;

   b. Past and future physical pain and suffering and mental anguish; and

   c. Past and future physical impairment.

### RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jene M. Witte respectfully requests that Defendants be cited to appear and answer, and that Plaintiff have the following relief:

A. Judgment against Defendants, jointly and severally, for a sum established by proof at trial that is within the jurisdictional limits of the Court;

B. Judgment against Defendants for actual damages awarded to Plaintiff in an amount that will fully and fairly compensation the Plaintiff for her injuries and damages;

C. Judgment against each of the Defendants for court costs;

D. Judgment against each of the Defendants for expenses incurred herein;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Any such other and further relief to which the Plaintiff may be entitled.

Dated, this 14th day of June, 2018.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Federal ID No. 111115
Texas Bar No. 18855350
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 Facsimile
rsorrels@abrahamwatkins.com

***Attorney for Plaintiff***